**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:26-cv-80210-JTK**

**KERRY LUTZ**,

Plaintiff,

v.

**TOWN OF PALM BEACH**, *et al.*

Defendants.
_______________________________________/

## OMNISBUS ORDER

**THIS CAUSE** comes before the Court on Defendants' Joint Motion to Dismiss and to Strike [ECF 76] and Plaintiff's Motion for Leave to File Second Amended Complaint [ECF 78]. For the reasons that follow, the Motion to Dismiss is **GRANTED** and the Motion for Leave to File Second Amended Complaint is **DENIED**.

## BACKGROUND

The facts are few and derived from both the First Amended Complaint [ECF 46] ("FAC") and the proposed Second Amended Complaint [ECF 78-1] ("SAC"). Plaintiff Kerry Lutz is a resident of Palm Beach County, Florida, and retired lawyer from New York. FAC at 3; SAC at 2. He has parked within the jurisdiction of the many municipal defendants for the past decade. SAC at 2. He now brings this case against the defendants – six cities in the area (Palm Beach, Boca Raton, West Palm Beach, Riviera Beach, Delray Beach, and Fort Lauderdale) and three companies (One Parking, LLC, One Parking, Inc., and One Parking Management, LLC) (collectively "Defendants") – to challenge their systems around parking and requiring the use of phone applications to pay for some spots. FAC at 17-23; SAC at 10-14. Crucial to his case, Plaintiff points out that Defendants' various parking signage does not comply with the Florida

Manual on Uniform Traffic Control Devices ("MUTCD"), codified at Fla. Stat. § 316.0745. *Id.* Signs that fail to comply with this state law are void. Fla. Stat. § 316.0745(3). Municipalities have no enforcement authority apart from compliance with these provisions. *See* Fla. Att'y Gen. Op. 2004-13 (2004).

The posture of this case as it relates to these motions is important. Plaintiff's original complaint was dismissed *sua sponte* as an impermissible shotgun pleading [ECF 45]. Plaintiff filed his FAC on April 23, 2026. *See* ECF 46. Defendants filed this Motion to Dismiss on July 28, 2026. *See* ECF 76. In response, Plaintiff filed the Motion for Leave to File Second Amended Complaint on August 10, 2026, attaching his proposed Second Amended Complaint to the motion, in compliance with local rules. *See* ECF 78, 78-1. Two days later, this case was reassigned to the undersigned judge. *See* ECF 80. Defendants opposed the Plaintiff's motion [ECF 85], and Plaintiff filed his reply in support of that motion [ECF 86]. On September 4, 2026, Plaintiff filed another motion to construe his Motion for Leave to File Second Amended Complaint as his response to Defendants' Motion to Dismiss. *See* ECF 87. The Court granted this second motion [ECF 89]. Finally, Defendants filed their Reply in support of the Motion to Dismiss [ECF 90] and both motions were fully briefed.

**ANALYSIS**

Defendants make many arguments against both complaints. For clarity, this order will proceed through the claims in both the FAC and SAC.

Each count is brought under § 1983 unless another federal statute is noted. *See* 42 U.S.C. § 1983. § 1983 claims require (1) deprivation of a constitutional right and (2) the act was done by a person acting under the color of law. *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990).

***Violation of Procedural Due Process***

Listed as Count I in both complaints, Plaintiff first asserts that parking enforcement based on signs that do not comply with state law violates procedural due process. FAC at 17, SAC at 10-11. In response, Defendants first argue that the MUTCD section of the Florida code does not create a private cause of action. *See City of Sarasota v. Windom*, 736 So.2d 741, 743 (Fla. 2d DCA 1999). Instead, this section vests power in the Florida Department of Transportation. *See* Fla. Stat. § 316.0745(7). Plaintiff does not respond to this argument but seems to rest on his argument that it is the taking of fines based on statutorily inadequate signage that permits suit. *See generally* ECF 86. It is true that state law does not support a cause of action here. However, the deprivation of life, liberty, or property without due process would support a § 1983 claim. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff claims his property – specifically, money – was taken. *See* FAC at 16, ¶ 51. Assuming there was insufficient due process to contest this taking, this would be enough to allege a federal cause of action.

However, it is this very assumption that must be analyzed. Dissecting the requirements of § 1983, Defendants argue that (1) the procedure for challenging tickets satisfies due process; and (2) Plaintiff has not alleged a pattern or practice behind his deprivation. *See* ECF 76 at 8-15.

The first point is fatal for the first count. In *Club Madonna, Inc. v. City of Miami Beach*, the Eleventh Circuit made clear that a deprivation of liberty does not amount to a violation of due process unless there is insufficient due process given; if there is sufficient process, then there is no violation. 924 F.3d 1370, 1378 (11th Cir. 2019). In that case, a club had its license suspended by the city and sued for, among other things, violation of due process. *Id.* at 1376. However, the court pointed out that the club was provided with an opportunity to challenge the revocation before a special master, including the chance to appeal an adverse decision of that

special master. *Id.* at 1378-79. Thus, due process was satisfied. *Id.* at 1379. That mirrors this case, where any parking tickets issued under the allegedly invalid signs could be appealed to an administrative officer, and, in some cases, to the local Judicial Circuit Court. *See, e.g.*, Fort Lauderdale, Fla., Code § 26-113. Plaintiff could appeal parking tickets through this route and raise the signs' noncompliance there. Thus, due process is satisfied and count I in both the FAC and SAC must be dismissed.

***Delegation of Police Power/Governmental Authority***

In count II of both the FAC and SAC, Plaintiff argues that cities improperly delegated enforcement of parking authority to the One Parking Defendants. FAC at 18-20, SAC at 12. However, Plaintiff has not shown how this delegation has injured him such that he has standing. *See Shen v. Commissioner, Florida Dep't of Agr. And Consumer Servs.*, 158 F.4th 1227, 1241 (11th Cir. 2026); *see generally* FAC, SAC, ECF 86. So the Court lacks jurisdiction to look into whether Plaintiff's due process rights were violated.

***Compelled Private Contracting***

In count III of the SAC, Plaintiff argues that Palm Beach and Fort Lauderdale's requirement to use private apps to park on public infrastructure violates procedural due process because he is forced into a contract with a private, third party. SAC at 13-14. In support of this, Plaintiff cites to *Nat'l Federation of Indep. Bus. v. Sebelius*, 567 U.S. 519, 552 (2012), *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972), and *F.C.C. v. Florida Power Corp.*, 480 U.S. 245, 252 (1987). *See* ECF 86 at 6. But that part of *Sebelius* dealt with Congress's power under the Commerce Clause. *See* 567 U.S. at 552. That part of *Fuentes* dealt with the timing of a hearing related to the seizure of goods. *See* 407 U.S. at 80. That part of *F.C.C.* addressed the constitutionality of the

Pole Attachments Act. *See* 480 U.S. at 252.[1] Plaintiff has not shown that he has a constitutional or federal right not to use a phone-based application to park in spots owned by the cities. If no constitutional or federal right is violated, there can be no § 1983 claim.

***Potential for Private Account Termination***

Count IV of the SAC argues that the private applications could terminate a person's account at any time, effectively barring that person from parking on public roads. SAC at 13. However, as earlier, Plaintiff does not demonstrate that this has happened to him or anyone else, nor that the threat of it happening is impending. *See Nelson v. Experian Info. Solutions, Inc.*, 144 F.4th 1350, 1356 (11th Cir. 2025) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n. 5 (2013)). Thus, again, the required injury element is missing, and this count must be dismissed for lack of standing.

***Financial Burden as an Interference with Right of Access to Courts***

The final count of the SAC argues that West Palm Beach uses signage that violates the MUTCD in front of their courthouse, thereby conditioning access to the courthouse on the "threat of towing, booting, and fines to an illegal enforcement system" amounting to an "unconstitutional tollbooth" between Plaintiff and the court. SAC at 14. Again, however, Plaintiff does not allege any injury. Like paying for court fees, paying for parking to enter the court does not amount to a denial of rights without a further showing of hardship or importance of the rights litigated. *See Boddie v. Connecticut*, 401 U.S. 371 (1971) (inability to pay fees to file for divorce made fees unconstitutional); *United States v. Kras*, 409 U.S. 434 (1973)

---

[1] Each listed case is further distinguishable. *Sebelius* actually permitted Congress to require contracting with insurers when viewed under the tax power. *See* 567 U.S. at 563. *Fuentes* addressed the constitutionality of state statutes that permitted seizure of goods with no prior notice or opportunity to challenge the seizure; no contracts were at issue. 407 U.S. at 69-70. *F.C.C.* did discuss contracts but dealt with the regulation of *existing* contracts between utility pole companies and cable companies. 480 U.S. at 247-250. Moreover, the Court upheld the Act. *Id.* at 254.

(upholding fee for bankruptcy proceedings). The mere requirement to pay is not a constitutional violation. Further, the "threat" of greater injury only amounts to injury when the harm is "certainly impending" or there is a risk of "substantial harm." *Nelson*, 144 F.4th at 1356. Lacking these, there is no injury, and so there is no standing for this count as well.

***Equal Protection and Americans with Disabilities Act***

Counts III and IV in the FAC are for violation of the 14th Amendment's Equal Protection Clause and the Americans with Disabilities Act, respectively. FAC at 20-21. Both counts must be dismissed. To state a claim under the Equal Protection Clause requires the Plaintiff show different treatment from other individuals who are "similarly situated" to the Plaintiff. *See Leib v. Hillsborough Cnty Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009). This other group is commonly known as a "comparator." But Plaintiff provides no comparator. In fact, there does not seem to be any class *not* subject to the allegedly problematic signs or the phone-based application requirement. Thus, count III fails.

Similarly, the Americans with Disabilities Act requires an individual be "subject[] to discrimination on the basis of disability in violation of" the law. 42 U.S.C. § 12188. However, Plaintiff does not allege that he has faced any discrimination due to any disability; in fact, Plaintiff has not even alleged that he has a disability. Therefore, count IV also fails.

***State Claims***

Plaintiff's final claims in the FAC are violation of the Florida Digital Bill of Rights – count V – and that contracts with the One Parking applications – count VI. These are based entirely on state law. However, supplemental jurisdiction fails here, as these are the only claims that remain, and there is no federal claim for them to supplement. *See Rubinstein v. Yehuda*, 38 F.4th 982, 992 (11th Cir. 2022).

***Dismissal with Prejudice***

Finally, Defendants argue that dismissal should be with prejudice because Plaintiff's original complaint was previously dismissed. *See* ECF 45. That dismissal was due to the original complaint violating rules around shotgun pleading, something which could also apply again.[2] However, dismissal with prejudice is also warranted when amendment would be futile. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Here, despite two authorized attempts and a third proposed attempt, Plaintiff has failed to allege legally sufficient facts to support any of his Section 1983 claims. In light of these multiple attempts and notice of deficiencies, dismissal with prejudice is appropriate.

**CONCLUSION**

For the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to File Second Amended Complaint [ECF 78] is **DENIED**. Defendants' Motion to Dismiss and to Strike [ECF 76] is **GRANTED** and Plaintiff's First Amended Complaint [ECF 46] is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** this case and deny any pending motions as moot.

DONE in Chambers in Fort Lauderdale, Florida, on Monday, November 16, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[2] The SAC fails to re-allege any acts within any of the claims, thereby leading to confusion about which facts relate to which claims.